


**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

DENISE MICHELLE FITZPATRICK,

Debtor.

Case No.: 2:11-bk-44970

Chapter 7

**MEMORANDUM OF DECISION REGARDING THE AWARDING OF ATTORNEY'S FEES TO PRO SE ATTORNEY LITIGANTS PURSUANT TO 11 U.S.C. § 362(k)**

## INTRODUCTION

This matter came before the Court for the hearing of the "Motion for Contempt of Stay and for Damages" (the "Contempt Motion") filed by Debtor, Denise Michelle Fitzpatrick ("Debtor"), against Global Business Centers ("GBC"). On January 26, 2012, Debtor filed the Contempt Motion in response to GBC's termination of its service agreement with Debtor for Debtor's non-payment of her past due balance, despite GBC's actual knowledge of Debtor's active bankruptcy matter. GBC concedes that it violated the automatic stay under 11 U.S.C. § 362(a). The sole remaining issue is whether, pursuant to 11 U.S.C. § 362(k), an attorney who represents herself in pro se may recover attorney's fees as part of a contempt order.

**FACTUAL BACKGROUND**

On August 7, 2011, Debtor filed a voluntary Chapter 7 petition. Debtor, an attorney, employed the services of GBC, a company which provided office space and utility services for herself and her law firm since February of 2009. When Debtor filed for bankruptcy, she listed GBC as a creditor and party to an executory lease agreement in her Schedules. GBC was also included in Debtor's creditor mailing matrix.

On August 26, 2011, Debtor received an email from GBC, informing her that unless proper payment was made, her account would be terminated on August 30 because of a past due balance. Debtor responded to GBC's email on the same day, informing GBC of her bankruptcy and intent to pay future balances as they became due. In response, GBC stated that it was unaware of Debtor's bankruptcy and unilaterally terminated its contract with Debtor at the direction of its upper management and attorney. GBC offered that the contract would be reinstated only if Debtor was willing to reinstate the past due debt. In response to GBC's demand, Debtor forwarded GBC a copy of the Case Commencement Notice and reiterated her intent to pay for all post-petition services. Nevertheless, service was not restored. Later that afternoon, Debtor discovered that the office telephone number for her law firm had been disconnected. GBC confirmed in an email that the contract was cancelled and utility services had been terminated. Moreover, the email stated that Debtor's mail would be held for 30-days, after which time it would be returned to the sender.

On September 3, 2011, Debtor sent a formal written demand to GBC to reinstate both Debtor's telephone and mail services. Debtor tried to have her mail forwarded by USPS, but when attempting to do so, she was notified that the mail could not be forwarded because her prior address was designated as a commercial mail receiving agency ("CMRA"). Debtor contends that at the time she contracted with GBC, she was neither informed of GBC's CMRA designation nor of the limits

imposed thereby. Debtor further argues that the USPS imposes a mandatory obligation to all CMRAs to re-mail mail to former customers for at least six months after termination of the agency relationship, but GBC has failed to comply with this requirement.

On February 21, 2012, GBC filed an opposition to Debtor's motion. In its opposition, GBC conceded its violation of the stay, but contended that the requested amount of damages was excessive and without basis. GBC argued that when Debtor filed for bankruptcy, the GBC employee responsible for Debtor's account became frightened and terminated the agreement, allegedly unaware that this termination constituted a violation of the automatic stay. GBC claimed that this violation was an unfortunate decision made by someone who was uninformed about the law. On February 28, 2012, Debtor filed a response to GBC's opposition. Debtor contended that she was entitled to actual damages because GBC's acts tarnished Debtor's professional reputation and caused her to undergo emotional consequences, which included severe lack of sleep, overwhelming stress, and hair loss. Debtor further argued that she was also entitled to punitive damages because GBC turned a blind eye to the law even after consulting with its upper management about Debtor's bankruptcy.

On March 7, 2012, the Court denied Debtor's motion for actual and punitive damages since Debtor offered no evidence in support of the amount of the damages she allegedly incurred, nor did the situation warrant the imposition of punitive damages. The Court then asked GBC to provide a brief in support of its objection to a pro-se attorney's ability to recover attorney's fees, to which Debtor was to respond within the requisite time frame set forth by the Court.

**DISCUSSION**

Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy case causes an automatic stay to immediately go into effect and prevents creditors (and other parties) from taking most actions against property of the bankruptcy estate, the debtor, and debtor's property. 11 U.S.C. § 362(k) further

provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Ninth Circuit has not ruled specifically on the issue of the appropriateness of awarding fees to an attorney who represents herself in a bankruptcy proceeding, in relation to a § 362(k) claim. However, other courts have provided guidance on the awarding of attorney's fees in other statutory contexts.

Whether a pro se litigant who is an attorney is entitled to recover attorney's fees may depend on the nature of the statute under consideration and the policy underlying the statute's attorney's fees provision. *Kay v. Ehrler*, 111 S.Ct., 1435, 1437 (1991). In *Kay*, the Supreme Court held that a pro se litigant may not be awarded attorneys' fees under 42 U.S.C.A. § 1988, even when the litigant is also an attorney, because the statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel. *Id*. at 1437-38. The Court reasoned that a skilled lawyer who represents himself is at a disadvantage in a contested litigation because he is "deprived of the judgment of an independent third party" in formulating his legal arguments, theory of the case, and responses to unforeseen developments in the courtroom. *Id*. at 1438. Moreover, the Court explained that a rule that authorized the recovery of attorney's fees to pro se litigants would actually create a disincentive to employ counsel whenever the litigants considered themselves competent to litigate on their own behalf. *Id*.

A number of courts have applied the *Kay* decision to preclude fee awards to pro se attorney litigants under other federal statutes. *See US Dept. of Justice v. Hudson*, 626 F.3d 36, 38-39 (2d Cir. 2010) (holding that debtor was not entitled to recover attorney's fees under IRC § 362 because an attorney, as defined, is "one who is designated to transact business for another" and debtor could not have acted as an agent for himself); *see also United States v. McPherson*, 840 F.2d 244, 245 (4th Cir.

1988) (concluding that a pro se attorney who represents himself in a tax case is not entitled to recover attorney's fees under 26 U.S.C. § 7430 because the statute was drafted specifically to compensate only actual-out-of-pocket expenses or debts which would have to be paid).

In this case, Debtor contends that the courts' decisions in the *Kay* and *Hudson* cases should not be controlling because they pertained to a singular fee shifting statute and were not intended to reach beyond that narrow application. In support of her argument, Debtor provided a published opinion in which the court denied attorney's fees strictly on the basis that the successful litigant was not an attorney, stating that under § 362, statutory attorneys' fees cannot be awarded to pro se litigants unless such a person is, in fact, an attorney." *In re Dugas*, 2009 Bankr. LEXIS 3231, 40-42, *citing McLean v. Int'l Harvester Co., et al.*, 902 F.2d 372, 374-76 (5th Cir. 1990).

Debtor's reasoning is flawed for the following three reasons. First, neither *Dugas* nor *McLean* stands for Debtor's asserted proposition that a pro se litigant is entitled to attorney's fees when such a person is actually an attorney. Instead, in *McLean*, the court awarded attorney's fees to a non-attorney pro se litigant, acknowledging that this was a "novel circumstance." *Mclean*, 902 F.2d at 375. Plaintiff, McLean, was a vice-president of the defendant, International Harvester Co., Inc. ("Harvester"). *Id*. at 373. Harvester entered a guilty plea to one count of conspiracy of violating the Foreign Corruption Practices Act (FCPA), but because plaintiff was initially named as a co-conspirator in this action and later had the counts dropped, plaintiff moved to have his name expunged from the records of Harvester's guilty pleas. *Id.* The court held that even though this non-attorney litigant plaintiff was pro se, he may be able to recover attorney's fees. *Id*. at 375. The court reasoned that plaintiff's main contention was that defendant made him believe that an attorney provided by defendant, pursuant to its indemnification obligations, would not represent plaintiff loyally and zealously. *Id*. Therefore, if plaintiff reasonably believed that, based on defendant's conduct, he could

not entrust his defense to the counsel provided by defendant because defendant refused to provide adequate and loyal counsel, the court deemed it equitable to indemnify plaintiff for the time he spent conducting his own defense. *Id.*

In this case, Debtor's reliance on the *McLean* case in support of her proposition is misplaced. The court in *McLean* did not declare that pursuant to § 362, pro se litigants may only be awarded attorney's fees if they are attorneys. Instead, the case involved a non-attorney litigant who was trying to recover attorney's fees. The court explicitly recognized that the case presented a novel circumstance and did not address the issue of pro se litigant attorneys attempting to recover attorney's fees.

Second, Debtor's argument that decisions such as *Kay and Hudson* are not controlling because the cited decisions pertained only to a particular statute and were not intended by the respective courts to be extended beyond such cases is unpersuasive. The Ninth Circuit has interpreted the *Kay* decision broadly to apply to other fee-shifting statutes. The fact that the Court in *Kay* explicitly stated, "[w]e granted certiorari to resolve . . . whether a *pro se* litigant who is also a lawyer may be awarded attorney's fees under § 1988," has been construed by the Ninth Circuit to broadly apply to pro se litigants. *Elmwood v. Drescher et al*, 456 F.3d 943, 947 (9th Cir. 2006) (citing *Kay*, 111 S. Ct. at 1436). The Ninth Circuit also agreed that effective prosecution could suffer where a pro-se attorney-litigant is too emotionally and personally involved in contested litigation to respond rationally. *Id*. at 948. The Ninth Circuit, the controlling authority in this case, directly contradicts Debtor's contention, which is why Debtor's argument must be rejected.

Finally, an examination behind the purpose of a § 362(k) stay provides additional support for why Debtor should not be allowed to recover attorney's fees. The Ninth Circuit has held that Congress' purpose for the automatic stay is two fold: (1) it enables a debtor to try to reorganize during

a break from collection efforts and (2) protects creditors by preventing creditors from racing to "devour" the debtor's estate at the expense of fellow creditors. *See In re Dawson*, 390 F.3d 1139, 1147 (9th Cir. 2004) (citing *United States v. Dos Cabezas Corp*., 995 F.2d 1486, 1491 (9th Cir. 1993)). The Ninth Circuit further held that permitting a debtor to collect attorney's fees incurred in prosecuting a damages action would further neither the financial nor the non-financial goals of the automatic stay. *Sternberg v. Johnston*, 595 F.3d 937, 948 (9th Cir. 2009). The *Sternberg* court reasoned that the court has never said that a stay should aid the debtor in pursuing his creditors, even those creditors who violate the stay, because "the stay is a shield not a sword." *Id.*; *See, e.g.*, *Hillis Motors, Inc., v. Hawaii Auto. Dealers' Ass'n.*, 997 F.2d 581, 585 (9th Cir. 1993) ("it is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions . . . in nonbankruptcy fora against the debtor . . ."). Here, Debtor's attorney fees are not related to either of the two articulated goals of the automatic stay. Instead, the requested fees are damages that stem from the violation of the stay, which have been held to be non-recoverable due to Debtor's lack of quantitative evidence in support of the actual damages sought.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

For the above mentioned reasons, pursuant to 11 U.S.C. § 362(k), Debtor, an attorney who represented herself in this case, cannot recover attorney's fees as part of a contempt order. Debtor to submit an order consistent with this Memorandum of Decision and the Court's ruling denying actual and punitive damages in this matter.

###

DATED: April 4, 2012

United States Bankruptcy Judge

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF DECISION** was entered on the date indicated on the first page of this judgment or order and will be served in the manner indicated below:

**I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Frank J Alvarado bknotice@nickpachecolaw.com
- Denise M Fitzpatrick df@benchmarklegal.net
- Mehrdaud Jafarnia bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
- Gerald S Kim cdcaecf@bdfgroup.com
- Ramesh Singh claims@recoverycorp.com
- Alberta P Stahl (TR) trusteestahl@earthlink.net, astahl@ecf.epiqsystems.com;trusteestahl\;\;\;.net@cacbapp.cacb.circ9.dcn
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil cdcaecf@bdfgroup.com
- Marc Weitz marcweitz@weitzlegal.com

☐ Service information continued on attached page

**II. <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page